UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:19-CR-10-TBR

UNITED STATES OF AMERICA,                                      PLAINTIFF

v.

DUSTIN R. STONE,                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on several motions. First, the Government filed a Motion *in Limine* to Introduce Evidence of Other Acts. [DN 28]. Defendant Dustin R. Stone filed an objection to the motion. [DN 33]. Second, the Government filed a Motion *in Limine* Regarding Penalties, [DN 29], to which Defendant responded, [DN 35]. Third, Defendant filed a Motion *in Limine*. [DN 34]. The Government did not respond and the deadline to do so has passed. Fourth, Defendant filed a Motion for Separate Trial, [DN 36], to which the Government responded, [DN 37]. Finally, the Government filed a Motion to Compel. [DN 38]. Defendant did not respond and the deadline to do so has passed. These matters are ripe for adjudication. For the reasons set forth herein, the Government's Motion *in Limine* to Introduce Evidence of Other Acts, [DN 28], is GRANTED IN PART; the Government's Motion *in Limine* Regarding Penalties, [DN 29], is GRANTED; Defendant's Motion *in Limine*, [DN 34], is DENIED AS MOOT; Defendant's Motion for Separate Trial, [DN 36], is GRANTED; and the Government's Motion to Compel, [DN 38], is GRANTED.

## BACKGROUND

On February 12, 2019, Defendant was indicted on one count of attempted enticement and one count of commission of a felony against a child by person required to register as a sex offender. [DN 1]. The Indictment charged Defendant with knowingly attempting to persuade, induce, and

1

entice an individual, whom he believed to be a thirteen-year-old female, to engage in sexual activity. *Id.* On March 14, 2019, Defendant entered a plea of not guilty as to counts one and two. [DN 11]. Subsequently, the parties filed the motions currently before the Court.

## DISCUSSION

### I.   Motions *in Limine*

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### A.  Government's Motion to Introduce Evidence of Other Acts

First, the Government moves the Court to enter an *in limine* order authorizing the introduction of evidence regarding Defendant's prior conviction for a sexual offense and other uncharged conduct in which he engaged. [DN 28 at 54]. First, the Government seeks to present evidence that Defendant would frequently send text messages to random phone numbers in hopes of eliciting responses. [DN 28 at 55]. The Government contends that when individuals identified

themselves as minors, Defendant would request the minor perform sexual acts with others or recount their prior sexual encounters to him. *Id.* In the instant case, the Government claims that Defendant randomly contacted a thirteen-year-old female living in Paducah, Kentucky and asked to exchange photos. *Id.* The female reported the messages to the Paducah Police Department. *Id.* The police instructed the female to provide Defendant with the phone number of an undercover detective. *Id.* Defendant began messaging the undercover detective, who claimed to be a thirteen-year-old female named Cyndi. Defendant allegedly sent "Cyndi" a variety of sexually suggestive messages including: "I wonna see a pic of your boobs so bad"; "Can I put my dick in you"; and "Imma fuck u hard." Additionally, Defendant requested that "Cyndi" perform sexual acts with her father, mother, and dog.

The Government seeks to introduce other text messages discovered on Defendant's cell phone. For example, on August 26, 2018, Defendant texted a random number pretending to be a girl named Hannah Connors. *Id.* at 57. The recipient identified themselves as a sixteen-year-old boy. *Id.* Defendant then stated: "if you will show your mom your dick I'll send you a pic of my boobs;" "Make her touch it"; and "Go back in there and force her hand." *Id.* On November 5, 2018, Defendant texted a self-identified fourteen-year-old female. *Id.* at 58. He wrote, "Imma send you a pic of my dick lol." *Id.* When the recipient told him not to, he stated, "Are you scared of dick I wouldn't blaim you if you was I would be." *Id.* Additionally, Defendant asked the recipient if she wore swimsuits; indicated he wanted a photograph; "a naked one too lol"; and "well I'll kiss you all up." *Id.* On November 21, 2018, Defendant sent a message to a self-identified fourteen-year-old female stating he was sixteen years old and requested to exchange photographs. *Id.* He also stated: "Will you send me a boobs shot in your bra" and "I wonna fuck you." *Id.*

3

The Government also seeks to introduce evidence of Defendant's prior conviction for a sexual offense involving in minor, which it describes as "strikingly similar" to the present Indictment. *Id.* at 59. In 2013, law enforcement officers in Muhlenberg County, Kentucky received a report that a female had received sexually suggestive text messages from a person she did not know. *Id.* at 58. Detectives began communicating with the individual in an undercover capacity. *Id.* at 59. The detectives informed the individual they were a thirteen-year-old female, and the individual claimed to be sixteen years old. *Id.* at 58. The individual requested the minor engage in vaginal, anal, and oral sex and sent the following messages: "Haha do you have small or big boobs"; "wud u get wet if I licked it :)"; "U think it wud feel good if I put my dick in u baby :)"; and "Wud u suck it." *Id.* at 58–59. Subsequently, the individual was identified as Defendant. *Id.* During the investigation, Defendant admitted to sending sexually explicit messages to a thirteen-year-old girl. *Id.* at 59. Ultimately, Defendant pled guilty to an amended charge of attempted unlawful use of electronic means to induce a minor to engage in sexual activities and was sentenced to twelve months in jail and required to register as a sex offender. *Id.*

Finally, the Government seeks to introduce Defendant's cell phone internet search history. *Id.* at 56. A forensic examination of Defendant's cell phone revealed a June 9, 2017 search for "young hot ten getting raped" and a December 7, 2017 search for "teen forced porn." *Id.* The Government argues these searches, in addition to Defendant's text messages and prior sexual offense, "establish a clear pattern and evidence his prurient interest in children." *Id.*

### a. Rule 404(b) Evidence

The Government provides two bases for the introduction of the aforementioned evidence at trial. First, the Government argues that the evidence is admissible pursuant to Federal Rule of Evidence 404(b). Rule 404(b) prohibits the introduction of evidence of a person's crimes, wrongs,

or other bad acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, Rule 404(b)(2) allows the introduction of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Courts determine the admissibility of evidence under Rule 404(b) pursuant to a three-step process:

> [T]he court must first consider whether there is a sufficient factual basis that the act occurred; second, whether the act is being offered for an appropriate reason; and third, whether the probative value of the evidence is substantially outweighed by the unfair prejudicial impact of its use at trial.

*United States v. Gibbs*, 797 F.3d 416, 425 (6th Cir. 2015) (citing *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013)).

### i.     Sufficient Evidence That Other Acts Occurred

First, the Court must "determine whether there is sufficient evidence to support a finding by the jury that the defendant committed" the other act.  *United States v. Delaney*, 443 F. App'x 122, 131 (6th Cir. 2011) (quoting *Huddleston v. United States,* 485 U.S. 681, 685, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)). The Sixth Circuit has held that "certified copies of ... conviction records" constitute sufficient evidence that a defendant committed the prior offense. *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008). Therefore, certified copies of Defendant's prior conviction for a sexual offense would be sufficient to demonstrate that the prior offense occurred. Additionally, the Government argues that forensic cell phone extractions and eye-witness testimony would demonstrate that Defendant's text messages and internet searches occurred. [DN 28 at 60–61]. Provided that the Government offers these types of proof at trial, the Court finds that there is sufficient evidence from which a "jury could reasonably conclude that" the prior acts occurred.

*See United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011) (eye-witness testimony sufficient for jury to conclude that acts occurred).

### ii.    Admissible for Appropriate Reasons

Next, the Court must consider whether evidence of Defendant's prior conduct would be offered for an appropriate reason. "To determine whether the proffered evidence is admissible for a proper purpose, the trial court must decide 'whether that evidence is probative of a material issue other than character.'" *United States v. Carney,* 387 F.3d 436, 451 (6th Cir. 2004) (quoting *Huddleston,* 485 U.S. at 686, 108 S.Ct. 1496). This requires a three-part inquiry. "Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *Bell*, 516 F.3d at 441–42 (quoting *United States v. Rayborn,* 495 F.3d 328, 342 (6th Cir. 2007)).

Rule 404(b)(2) provides that, while propensity evidence is not allowed, "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." In this case, the Government argues that Defendant's past actions demonstrate his "motive, intent, plan, knowledge, and absence of mistake or accident." [DN 28 at 61]. Specifically, the Government states:

> [T]he defendant's continued pattern of behavior evidences his intent to seek out and meet children. The evidence further demonstrates a lack of mistake or accident as the defendant is in frequent sexually explicit conversations with self-identified minors. The facts of his prior conviction demonstrate his knowledge of the criminality of his conduct and further demonstrates his intent and plan to meet with a child. The frequency and nature of his conduct shows an absence of mistake or accident and is direct evidence that Stone was the individual talking to the undercover persona.

*Id.* In response, Defendant argues that his prior sexual offense "can have no proper purpose in this case, other than to tell the jury that the defendant is likely to have committed the charged offense

because he committed a similar offense in the past, *which is precisely the motive forbidden by the Rule of Evidence*." [DN 33 at 82].

The Government cites *United States v. Levinson* in support of its motion *in limine*. [DN 28 at 62]. As in the current action, Levinson was charged with attempted enticement and committing a felony involving a minor while being a registered sex offender. *United States v. Levinson*, 504 F. App'x 824, 826 (11th Cir. 2013). On appeal, Levinson challenged the district court's admission of evidence demonstrating "he had participated in hundreds of online chats involving sex with minors, that he possessed virtual and real child pornography, that he was convicted in 1998 for sexual abuse, and that he sexually abused his daughter when she was a minor." *Id.* The Eleventh Circuit determined that evidence of Levinson's internet chat sessions and possession of child pornography was admissible under Rule 404(b) because it "was relevant to the issue of intent, was reliable, and was not substantially more prejudicial than probative." *Id.* at 828. Moreover, the Court noted that only a small sample of the chats were introduced at trial and the district court instructed the jury that they should only consider defendant's prior acts in determining whether he had the state of mind or intent necessary to commit the crimes charged. *Id.* Finally, the Court noted that Levinson's prior conviction for sexual abuse was admissible under both Rule 404(b) and Rule 414. *Id.*

Similarly, in *United States v. Hite,* the defendant was charged with two counts of attempted enticement of a minor after he engaged in a series of online chats and telephone conversations with an undercover detective. *United States v. Hite*, 916 F. Supp. 2d 110, 114 (D.D.C. 2013). The government filed a motion *in limine* to introduce evidence recovered from Hite's laptop, including evidence that he accessed child pornography and his online chats and email exchanges with other adults discussing illicit sexual activity with minors. *Id.* The government argued that admission was

proper under Rule 404(b) because the evidence was "highly relevant to prove defendant's intent, knowledge, plan and absence of mistaking in committing the charged offense." *Id.* at 115. The district court agreed, finding that the government's proffered evidence was probative of the defendant's intent, knowledge, and absence of mistake. *Id.* at 115–16. Specifically, the court noted that evidence of defendant's prior acts was probative of his sexual attraction to children, "and as a result, is probative of his intent to entice or coerce the fictitious minors in this case." *Id.* at 117. Moreover, the court emphasized that "at least five Circuits have found the relevance of evidence of a defendant's sexual attraction to children in section 2422(b) prosecutions to be so obvious as to not warrant discussion." *Id.* (citing *United States v. Lewis,* 318 F. App'x 1, 2 (D.C. Cir. 2009); *accord United States v. Cooke,* 675 F.3d 1153, 1157 (8th Cir. 2012); *United States v. Wolford,* 386 F. App'x 479, 484 (5th Cir. 2010); *United States v. Godwin,* 399 F. App'x 484, 489–90 (11th Cir. 2010)).

The Sixth Circuit has issued similar rulings in Rule 404(b) cases. For example, in *United States v. Hall*, the defendant was found guilty on two counts of knowingly receiving child pornography. *United States v. Hall*, 202 F.3d 270 (6th Cir. 2000) (table). On appeal, Hall argued that the district court erred in admitting evidence of his prior conviction, legal nude images of children, and sexually explicit emails. *Id.* at *2. At trial, the only contested issue was whether Hall knowingly received child pornography. *Id.* at *3. The Sixth Circuit determined that "all of the disputed evidence was relevant to Hall's state of mind in determining his intent and knowledge." *Id.* Specifically, Hall's prior conviction for a sexual offense and his nude photographs provided evidence that he "intentionally pursued a sexual interest in children, thereby demonstrating his intent to knowingly receive child pornography." *Id.* Furthermore, "Hall's prior conviction for the sodomy and sexual abuse of a young boy also creates the logical inference that he has a sexual

8

interest in children that is strong enough to cause him to break the law." *Id.* As for Hall's sexually explicit emails, the Court found that they were properly admitted as each "e-mail message evidences Hall's attempts to solicit and thereby receive sexual pictures of young boys." *Id.* at *4. Accordingly, the Sixth Circuit concluded that the messages were admissible to establish Hall's knowledge and intent. *Id.*

Finally, in *United States v. Delaney*, the defendant was found guilty of sexual exploitation of children, distribution of child pornography, and possession of child pornography. *United States v. Delaney*, 443 F. App'x 122, 124 (6th Cir. 2011).  He appealed his conviction on three bases including that the district court erred in admitting evidence of internet chat transcripts with undercover police officers. *Id.* The government argued that the evidence demonstrated the defendant's identity, knowledge, intent, and absence of mistake or accident. *Id.* at 131. Upon review, the Sixth Circuit held that the evidence in question was probative of defendant's intent and knowledge to possess and distribute child pornography given that during his chat with the undercover police officers, Delaney "discussed his sexual interest in young girls, prior possession of child pornography, using his camera to take child pornographic photos, and knowledge of child pornography file sharing programs." *Id.* at 132. Additionally, the Sixth Circuit noted that the evidence was admissible for the purposes of absence of accident or mistake because the defendant testified that he believed the victim was eighteen, not fourteen. *Id.* at 133. Given that the evidence could have been admissible for several purposes, the Sixth Circuit found that the district court did not err in admitting it at trial. *Id.*

In this case, the Government argues that Defendant's text messages, internet searches, and prior conviction demonstrate his motive, intent, plan, knowledge, and absence of mistake or accident. [DN 28 at 61]. First, the Court will address whether the evidence is admissible to

establish Defendant's intent, motive, and knowledge. "Where there is thrust upon the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)." *Delaney*, 443 F. App'x at 132 (quoting *United States v. Johnson,* 27 F.3d 1186, 1192 (6th Cir. 1994), *cert. denied,* 513 U.S. 1115, 115 S.Ct. 910, 130 L.Ed.2d 792 (1995)). Here, the Government must show that Defendant knowingly attempted to persuade, induce, and entice an individual whom he believed to be a thirteen-year-old female to engage in sexual activity. Since the Government has an affirmative duty to prove Defendant acted with a specific criminal intent, evidence of his prior acts may be introduced pursuant to Rule 404(b).

Defendant's sexually suggestive text messages to self-identified minors, internet searches for teen girls being raped, and prior conviction for attempted enticement of a thirteen-year-old female are all probative of his sexual interest in children. Each type of evidence "explain[s] his interest in the subject and his past activities to procure it." *Delaney*, 443 F. App'x at 132. Thus, as the Sixth Circuit and many other courts have held, this evidence is probative of Defendant's knowledge, motive, or intent to commit the crimes charged in count one of this case. *Id.* (citing *Hall,* 202 F.3d 270 (holding that evidence of prior conviction, nude images of children, and sexually explicit emails were admissible to show defendant's intent and knowledge to receive child pornography)); *see also United States v. Parrish*, No. 2:16-CR-243, 2017 WL 1410821, at *3 (S.D. Ohio Apr. 19, 2017) (Parrish's prior conviction of a sexual offense and his possession of additional nude photos and videos is probative of intent and motive, and demonstrates a pattern of sexual interest in children)).

Additionally, the Government argues that Defendant's prior actions demonstrate an absence of mistake or accident. [DN 28 at 61]. While absence of mistake or accident are permissible purposes pursuant to Rule 404(b), "the government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove." *Bell*, 516 F.3d at 442 (quoting *United States v. Merriweather,* 78 F.3d 1070, 1076 (6th Cir. 1996)). Therefore, "[i]n order for evidence of other acts evidence to be admissible for this purpose, the defendant must assert a defense based on some form of mistake or accident." *Delaney*, 443 F. App'x at 132 (citations omitted). At this point, it is unclear whether Defendant will offer mistake or accident as a defense. However, if Defendant were to raise these defenses at trial, the Court finds that Defendant's frequent attempts to engage in sexual contact with self-identified minors is probative of a lack of mistake or accident as to the attempted enticement charge. At trial, the Government must first approach the Court before mentioning or attempting to use this evidence for the purposes of absence of mistake or accident.

### iii.    Rule 403 Balancing

Third, the Court must determine whether the probative value of the evidence at issue is substantially outweighed by the unfair prejudicial impact of its use at trial. Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice." Fed. R. Evid. 403. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (citation and quotation marks omitted)). "Such improper grounds include 'generalizing a

defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged . . . .'" *Bell*, 516 F.3d at 445 (quoting *Old Chief v. United States*, 519 U.S. 172, 180–81 (1997)). Under the Rule 403 analysis, courts must "look at the evidence in 'the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.'" *Newsom*, 452 F.3d at 603 (quoting *Bonds*, 12 F.3d at 567 (citation omitted)).

In this case, the evidence of Defendant's text messages, internet search history, and prior conviction is probative of his intent, motive, knowledge, and lack of mistake or accident. The probative value of this evidence is bolstered by the strong similarities between these events; namely, Defendant's interest and efforts to engage in sexual contact with self-identified minors. Additionally, while the temporal relationship between the charged offense and Defendant's prior conviction is attenuated, the fact that Defendant began texting self-identified minors and searching for forced teen porn shortly after his probation period ended demonstrates a consistent pattern of behavior over a period of several years, which increases the probative value of the evidence.

While the probative value of Defendant's prior acts is strong, the Court must also consider "whether there are alternative sources of proving the same facts." *Delaney*, 443 F. App'x at 133. In this case, Defendant's sexually suggestive text messages and prior conviction for a sexual offense provide sufficient evidence of Defendant's state of mind and lack of accident or mistake such that the probative value of Defendant's internet search history is limited. Thus, the Government is barred from introducing Defendant's internet search history as evidence.

Finally, the Court must consider whether admission of Defendant's text messages and prior conviction would unfairly prejudice Defendant. Both types of evidence describe Defendant's interest in minor children and many of the text messages include sexually suggestive language. However, these prior instances of bad conduct are not more graphic or lurid than the charged

conduct. Indeed, they involve strikingly similar conduct as the charged offense. *Delaney*, 443 F. App'x at 133 (finding no unfair prejudice were conversations were "less lurid" than charged conduct); *but see United States v. Stout*, No. 3:06CR94H, 2006 WL 2927505, at *4 (W.D. Ky. Oct. 12, 2006), *aff'd,* 509 F.3d 796 (6th Cir. 2007) ("Any jury will be more alarmed and disgusted by the prior acts than the actual charged conduct."). Thus, the risk that the jury would give Defendant's prior acts undue attention is lessened. *Delaney*, 443 F. App'x at 133. Moreover, any risk of prejudice to the Defendant could be mitigated by issuing limiting instructions. [1]

However, while introduction of Defendant's prior conviction itself would not unfairly prejudice Defendant, the consequences of that conviction require separate consideration. The fact that Defendant was required to register as a sex offender after his prior conviction provides little probative value to his state of mind or absence of mistake or accident, yet has the potential to cause significant unfair prejudice toward the Defendant. Therefore, the Government is prohibited from introducing evidence of Defendant's status as a registered sex offender to prove the attempted enticement charge.

**b. Res Gestae Evidence**

Next, the Government argues that the evidence of Defendant's prior acts is admissible as background evidence, often referred to as *res gestae*, because it is inextricably intertwined with evidence of the crime charged. Background or *res gestae* evidence consists of "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *Hardy,* 228 F.3d at 748. Such evidence

---

[1] The Court notes Defendant's argument that admitting the challenged evidence "directly and unfairly affects Mr. Stone's Fifth Amendment right not to testify." [DN 33 at 83]. He argues Defendant's silence at trial regarding his prior conviction would "have a devasting impact. Thus, he may be forced to testify wherein if he only had to defend the actual charge of the indictment, he may very well decide not to testify." *Id.* at 84.  Defendant provides no authority or cases to support this position, thus, the Court rejects this argument.

does not implicate Rule 404(b). *Id.* "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.* Moreover, "[p]roper background evidence has a causal, temporal or spatial connection with the charged offense." *Id.*

In this case, Defendant's text messages and prior conviction are admissible pursuant to Rule 404(b). Thus, the only remaining evidence is his internet searches for forced teen porn and the consequences stemming from his prior conviction, namely, his status as a registered sex offender. The Court concludes that neither piece of evidence is inextricably intertwined with the charged offense. Additionally, Defendant's internet searches and his status as a sex offender are "not directly related" to his attempted enticement, nor is such evidence necessary to complete the story of the charged offense. Accordingly, this evidence may not be introduced as background evidence to prove the attempted enticement charge.

### B.  Government's Motion to Exclude Penalties

Next, the Government requests the Court exclude "introduction of evidence, allegation, questioning, and defense argument regarding the penalties attendant to the charges in this case standing alone or as compared to the penalty provisions for similar crimes in the state court system." [DN 29 at 67]. The Government argues this evidence should be barred pursuant to Federal Rule of Evidence 401 and 402 on the basis that the penalties associated with the charges are irrelevant to the current action. *Id.* In support, the Government cites the Sixth Circuit's Pattern Criminal Jury Instructions 8.05 which provide that "deciding what the punishment should be is [the judge's] job, not [the jury's]." *Id.* Thus, the Government argues, "any evidence, allegation, question or argument regarding punishment would be completely irrelevant" to the current case.

*Id.* at 68. In response, Defendant does not contest the relevance of the potential penalties to the current action. [DN 35]. Rather, he attacks the Sixth Circuit's Pattern Instructions pursuant to the Fifth and Sixth Amendment. *Id.* Given that neither party has presented their proposed jury instructions, Defendant's arguments are premature.

The Court finds that evidence regarding the potential penalties associated with Defendant's charges is irrelevant to the current case. As the Supreme Court has noted:

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task.

*Shannon v. United States*, 512 U.S. 573, 579, 114 S. Ct. 2419, 2424, 129 L. Ed. 2d 459 (1994). Thus, information regarding the potential penalties associated with Defendant's charges is irrelevant to whether he is guilty of the crimes charged. *See United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999) (affirming district court's decision to grant motion *in limine* concerning potential penalties that applied to defendant); *United States v. Ledbetter*, No. 2:14-CR-127, 2016 WL 1252982, at *14 (S.D. Ohio Mar. 31, 2016) ("allowing the jury to consider the defendants' possible punishment in determining guilt or innocence runs afoul of Sixth Circuit Pattern Jury Instruction 8.05(2)"); *United States v. Logan*, No. CR.A. 4:06CR-13-M, 2007 WL 1364892, at *2 (W.D. Ky. May 8, 2007) (granting motion *in limine* to prohibit any reference to penalty related to the defendants). Thus, the Government's Motion *in Limine* is GRANTED.

### C. Defendant's Motion *in Limine*

Defendant filed a motion *in limine* requesting the Court prohibit evidence relating to his prior conviction, status as a registered sex offender, text messages, internet search history, and other evidence obtained from his cell phone indicative of a prurient interest in children. [DN 34].

Since the Court addressed the admissibility of this evidence in its analysis of the Government's motion *in limine*, Defendant's Motion *in Limine* is DENIED AS MOOT.

## II.      Defendant's Motion for Separate Trial

Defendant filed a motion to bifurcate the trial between counts one and two of the Indictment. [DN 36]. Rule 8(a) of the Federal Rules of Criminal Procedure states that an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In turn, Rule 14(a) provides that if the joinder of offenses in an indictment "appears to prejudice a defendant ... the court may order separate trials of counts ... or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). A defendant is prejudiced "if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense." *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982). In determining whether to grant a motion for severance, a court must balance "the interest of the public in avoiding a multiplicity of litigation and the interest of the defendant in obtaining a fair trial." *United States v. Wirsing*, 719 F.2d 859, 864-65 (6th Cir. 1983) (citation omitted). Ultimately, the decision to sever counts is within the trial court's discretion. *See United States v. Fields*, 763 F.3d 443, 456 (6th Cir. 2014) (citing *Saadey*, 393 F.3d at 678).

In this case, Defendant seeks to bifurcate count one of the Indictment for attempted enticement of a minor to engage in illegal sexual conduct from count two charging that Defendant committed the offense in count one while being required to register as a sex offender. [DN 36 at

103]. He claims that "proof of his prior conviction is an element of Count 2, but would not be admissible in defendant's trial on Count 1." *Id.* Since the Court barred the Government from presenting evidence relating to Defendant's status as registered sex offender as to count one, the Court agrees that bifurcation of the trials is appropriate in order to prevent Defendant from unconstitutional prejudice. *See United States v. Helms*, No. 3:18-CR-137-CRS, 2019 WL 4143298, at *2 (W.D. Ky. Aug. 30, 2019) ("Instead, bifurcation of Counts One and Two is a more appropriate method to limit unconstitutional prejudice while only seating one jury and preserving the efficiency of the Court."). In the event the Government secures a conviction on count one, the same jury will then be permitted to hear evidence of Defendant's status as a registered sex offender and render a verdict of guilty or not guilty on count two. *Id.* Accordingly, Defendant's Motion for Separate Trial is GRANTED.

### III.     Government's Motion to Compel

Finally, the Government filed a Motion to Compel Defendant to provide information regarding his notice of intent to introduce expert testimony. [DN 38]. On March 19, 2020, Defendant filed a notice of intent to rely upon the defense of insanity and a notice of intent to introduce expert testimony relating to mental disease or defect. [DN 31, 32]. Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C) and 12.2(c), the Government requests (1) a summary of the qualifications and testimony of Defendant's expert witness; (2) the results and reports of any examination on mental condition conducted by Defendant's expert about which Defendant intends to introduce expert evidence; and (3) the expert's opinions and bases for those opinions. [DN 38]. Defendant has not responded to the Government's motion and the deadline to do has passed. As such, the Government's Motion to Compel is GRANTED.

### CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: Government's Motion *in Limine* to Introduce Evidence of Other Acts, [DN 28], is **GRANTED IN PART**; the Government's Motion *in Limine* Regarding Penalties, [DN 29], is **GRANTED**; Defendant's Motion *in Limine*, [DN 34], is **DENIED AS MOOT**; Defendant's Motion for Separate Trial, [DN 36], is **GRANTED**; and the Government's Motion to Compel, [DN 38], is **GRANTED**. This matter is set for a telephonic status conference on May 15, 2020 at 10:00 AM.

      **IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

April 14, 2020

CC: Attorneys of Record