UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:19-CR-10-TBR

UNITED STATES OF AMERICA,                                                                   PLAINTIFF

v.

DUSTIN R. STONE,                                                                             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The evidentiary issue before Court is in regard to Defendant's objection to Government's Exhibits 9a and 9b—clips of a recorded phone conversation between Defendant Dustin Stone and his mother—based on the rule of completeness. Both parties have filed supplemental memoranda articulating their stance on the admissibility of portions of Government's Exhibits 9a and 9b. [DN 99; DN 100]. Additionally, the parties briefly discussed this evidentiary issue on record before the Court during a telephonic conference held on July 22, 2021 at 10:00 a.m. Central Time. The Court has reviewed the video and for the reasons stated herein, the Court shall permit the government to introduce the following two clips from the video: (1) clip one beginning at time stamp 14:06 and ending at 14:28; and (2) clip two beginning at timestamp 16:01 and ending at 16:16. The Court shall not permit the Defendant to introduce the entire five minute phone conversation with Defendant's mother.

**I.**

After Defendant's arrest, he was placed into an interview room that was equipped with audio and video recording equipment. The entire recording is 56 minutes and 38 seconds long. While in the interview room, Defendant invoked his right to counsel and eventually asked to make a phone call to his mother while in the presence of Detective Beau Green. This approximately five-minute-long phone conversation with his mother beginning at 14:00 and ending at 19:25, is the

only portion of the recording at issue in this case. The government seeks only to introduce two clips from this recorded phone call. The first clip begins at time stamp 14:06 and ends at 14:28. [DN 99 at 620]. In the first clip, Defendant says: "Hey mom, I need to tell you something. I've messed up again and they got me." Defendant's mother then asks, "The cops?" and Defendant answers, "yes." *Id.* The second clip begins at timestamp 16:01 and ends at 16:16. In the second clip, Defendant says, "I went to go shopping for her shoes and they got me at a gas station." Defendant's mother asks how they got him at a gas station, and he replies, "I was going to meet a girl." *Id.*

Defendant seeks to introduce the entire five-minute phone conversation, during which Defendant tells his mother: "I know momma, I'm just sick." and "I just need some help." His mother then asks him, "Why do you keep doing this?" and Defendant replies, "Only thing I can guess is I'm sick or something." Defendant argues that the rule of completeness permits Defendant to introduce the entire five-minute recorded conversation with Defendant's mother to add context to the isolated 22 second and 15 second clips identified by the government. [DN 100 at 622]. The government argues that the two clips it seeks to introduce do not create any misleading impressions and the defendant cannot "introduce his own self-serving statements through a witness in the case in lieu of taking the stand." [DN 99 at 620].

## II.

"The 'rule of completeness' allows a party to correct a misleading impression created by the introduction of part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context." *United States v. Holden,* 557 F.3d 698, 705 (6th Cir. 2009). However, the rule of completeness "is not designed to make something admissible that should be excluded." *United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014) (quoting *United*

*States v. Costner*, 684 F.2d 370, 373 (6th Cir.1982)). "Right or wrong, this court has acknowledged that under *Costner*, '[e]xculpatory hearsay may not come in solely on the basis of completeness.'" *Id.* (quoting *United States v. Adams*, 722 F.3d 788, 826 (6th Cir.2013)); *see also United States v. Henderson*, 626 F.3d 326 (6th Cir. 2010) (The district court did not abuse its discretion by refusing to allow Henderson to introduce additional recordings.) "Henderson has failed to identify any misleading impression created by the recordings that were introduced. Second, although the government was properly permitted to introduce select recordings because Henderson's parts in the conversations were admissible as admissions of a party-opponent under Rule 801(d)(2), Henderson could not take advantage of this hearsay exclusion to introduce his own out-of-court statement." *Henderson*, 626 F.3d at 344.

Here, the Court finds that Defendant has failed to identify any misleading impression created by the statements made in the two clips the government seeks to introduce. Second, similar to *Henderson* and *Holden*, the inculpatory statements the government seeks to introduce against Defendant are admissible as admissions of a party-opponent under Fed. R. Evid. 801(d)(2). However, Defendant's own statements made during the rest of the five-minute phone call—which Defendant now seeks to introduce—are inadmissible hearsay and they cannot come in solely based on completeness. *See Ford*, 761 F.3d at 652. Additionally, the Court finds that by seeking to introduce the entire recorded phone call, the Defendant would be eliciting improper testimony that he "must be sick or something." Not only is Defendant unqualified to give himself a medical diagnosis to explain his behavior, but this excuse does not provide context to Defendant's admissions in the clips the government seeks to introduce.

Accordingly, because the two clips that the government seeks to introduce are admissible under Rule 801(d)(2) and are not misleading, and because the additional statements made during

the five-minute phone call are inadmissible hearsay in lieu of Defendant testifying at trial and are not needed to provide context to the admissions the government seeks to introduce, the Court holds that Defendant shall not be permitted to introduce the entire five-minute phone call.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

July 26, 2021

CC: Counsel of Record